UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| *In the Matter of the Arbitration between:* | ) | |
| | ) | |
| TECHNEST HOLDINGS, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09-mc-00037-AJT-TCB |
| | ) | |
| EOIR HOLDINGS LLC, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF RESPONDENT EOIR HOLDINGS LLC'S MOTION
TO STAY PROCEEDINGS PENDING RESOLUTION OF
RESPONDENT'S PETITION AND MOTION TO VACATE ARBITRATION AWARD

Petitioner EOIR Holdings LLC ("Holdings"), by and through its undersigned counsel, states as follows in support of its request that the Court stay the above-captioned proceedings seeking confirmation of an arbitration award filed by Petitioner Technest Holdings, Inc. ("Technest"), pending resolution of the Petition and Motion to Vacate Arbitration Award filed by Respondent in the United States District Court for the District of Columbia.

### INTRODUCTION

Contemporaneous with the filing of the instant Motion, Respondent Holdings is filing an action in the United States District Court for the District of Columbia seeking to vacate the arbitration award which is the subject of the above-captioned proceedings. Respondent's Petition and Motion to Vacate Arbitration Award is based on the arbitration panel having exceeded its powers, which were explicitly limited by the agreement pursuant to which the parties agreed to arbitration of their dispute. The bases for vacating the arbitration panel's award

1

are addressed in Holdings' Petition and Motion to Vacate Arbitration Award (the "Motion to Vacate"), filed in the United States District Court for the District of Columbia and attached as Exhibit A to Holdings' Objections and Response to Technest's Petition and Motion to Confirm Arbitration Award filed contemporaneously herewith.

Pursuant to paragraph 6(e) of Exhibit A to the Stock Purchase Agreement entered into between Holdings and Technest, the parties agreed to and did conduct the relevant arbitration proceedings in the District of Columbia. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, Holdings is required to move to vacate the arbitration award in the "United States court in and for the district wherein the award was made...." The arbitration panel made its award in the District of Columbia; as such, Holdings has timely moved to vacate the arbitration panel's award in the United States District Court for the District of Columbia.

This Court has scheduled a hearing on Technest's request for confirmation of the arbitration panel's award on September 18, 2009. In order to provide the District Court for the District of Columbia with an opportunity to properly address Holdings' timely filed Motion to Vacate, Holdings respectfully submits that it is appropriate for the Court to exercise its inherent power to stay the proceedings in this Court. Such a stay is expressly contemplated under Section 12 of the Federal Arbitration Act, 9 U.S.C. § 12.

## DISCUSSION

The Federal Arbitration Act, 9 U.S.C. §9, provides that a Court may grant an order confirming an arbitration award "...unless the award is vacated..." as prescribed in §10. 9 U.S.C. §9. As discussed above, consistent with 9 U.S.C. §10, Holdings has moved to vacate the subject arbitration award in the United States District Court for the District of Columbia.

Case 1:09-mc-00490-RWR   Document 9   Filed 09/04/09   Page 3 of 4

The courts have clearly held that in addressing a motion challenging an arbitration award, "the Court must ensure that [the moving party] has a full chance to make whatever objections he can to an award." *Kanuth v. Prescott, Ball & Turben, Inc.*, 1990 WL 91579 (D.D.C. June 19, 1990). *See also Marsillo v. Geniton*, 2004 WL 1207925 (S.D.N.Y. June 1, 2005) (noting that "a stay of proceedings to confirm an arbitration award is contemplated…in order to permit consideration of motions to vacate, modify or correct an award."). Further, 9 U.S.C. §12 contemplates the stay of a motion to confirm an arbitration award pending resolution of a motion to vacate. Accordingly, Holdings respectfully submits that in order to ensure that Holdings has a meaningful opportunity to address the bases upon which the arbitration panel's award ought to be vacated, and to ensure that the District Court for the District of Columbia has a full opportunity to rule on Holdings' Petition and Motion to Vacate, Holdings request that this Court exercise its inherent power to stay these proceedings.

WHEREFORE, Respondent EOIR Holdings, LLC respectfully requests that the Court issue the attached proposed Order staying these proceedings, pending determination by the United States District Court for the District of Columbia of Respondent EOIR Holding LLC's Petition and Motion to Vacate Arbitration Award.

Respectfully submitted,

_____/s/_____
Gary H. Nunes (Va. Bar No. 44683)
Keith J. Mendelson (Va. Bar No. 48981)
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
703-790-3310 (phone)
703-918-2243 (fax)
E-mail: gnunes@wcsr.com
Counsel for Respondent EOIR Holdings LLC

## Certificate of Service

I certify that on September 4, 2009, I served the foregoing Memorandum of Points and Authorities in Support of Respondent EOIR Holdings LLC's Motion to Stay Proceedings Pending Resolution of Respondent's Petition and Motion to Vacate Arbitration Award electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to Kimberly C. Graber, Esq., Howrey LLP, 1299 Pennsylvania Ave. NW, Washington, D.C. 20004, counsel for Petitioner.

/s/
Gary H. Nunes (Va. Bar No. 44683)
Keith J. Mendelson (Va. Bar No. 48981)
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
703-790-3310 (phone)
703-918-2243 (fax)
E-mail: gnunes@wcsr.com
Counsel for Respondent EOIR Holdings LLC