## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |  |
|---|---|---|
| *In the Matter of the Arbitration between:* | ) | |
| | ) | |
| TECHNEST HOLDINGS, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:09-mc-00037-AJT-TCB |
| and | ) | |
| | ) | |
| EOIR HOLDINGS LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### PETITIONER TECHNEST HOLDINGS, INC.'S OPPOSITION TO EOIR HOLDINGS LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RESPONDENT'S PETITION AND MOTION TO VACATE ARBITRATION AWARD

Petitioner Technest Holdings, Inc. ("Technest") respectfully submits this Opposition to EOIR Holding LLC's Motion to Stay Proceedings Pending Resolution of Respondent's Petition and Motion to Vacate Arbitration Award ("Motion to Stay") pursuant to Local Civil Rule 7(F)(1).

### PRELIMINARY STATEMENT

By its motion, Respondent EOIR Holdings seeks the drastic remedy of an indefinite stay of proper proceedings before this Court. Not one iota of legal authority supports the relief sought -- in both of the cases Respondent cites, motions for stay were denied. The motion is rife with procedural irregularities as documented below, including the failure to comply with the Local Rules of this District.

More significantly, the request for an indefinite stay is contrary to the orderly administration of justice. Respondent has breached a contract requiring it to pay $23 million to Claimant that was due on August 21, 2008, over one year ago. In the course of a seven-day arbitration hearing before a panel of three arbitrators (including one appointed by Respondent), Respondent had every opportunity to present its case. Claimant prevailed in the arbitration via a unanimous and reasoned award.

Having prevailed in the arbitration, there is no basis to permit Respondent to further defer its payment obligation indefinitely. If Respondent were appealing a money judgment, a bond would be required in accordance with Fed. R. Civ. P. 62. The Respondent agreed in the operative contract that:

> ***Any award by the arbitrators shall be final and binding on the parties***. Judgment on the award may be entered by any court of competent jurisdiction over the party or the property of the party against whom enforcement of the judgment is sought.

SPA, § 6(f) (emphasis added).

Having prevailed in the "binding arbitration," Claimant's ability to perfect the Award should not be impeded. Furthermore, the potential grounds to vacate an arbitration award are exceedingly limited, such that Respondent is not likely to succeed on its motion. Given the foregoing, it is only fair that the risks inherent in further delay should be borne by Respondent.

## STATEMENT OF FACTS[1]

At the heart of the dispute between the parties is a Stock Purchase Agreement (the "Agreement" or "SPA") by which Technest sold the stock of its most valuable wholly-owned subsidiary, EOIR Technologies, Inc. ("Technologies"), to EOIR Holdings LLC

---

[1] Additional factual background is provided in the AAA panel's written decision and arbitration award dated August 21, 2009, attached to Technest's Petition and Motion to Confirm Arbitration Award and for Entry of Judgment Thereon as Exhibit B and incorporated herein by reference. (Docket #1.)

("EOIR" or "Respondent").  EOIR breached the Agreement by failing to make a contingent payment constituting two-thirds of the purchase price, which was due on August 21, 2008 under the terms of the Agreement.  EOIR proffered an endless list of excuses for non-payment.  On August 21, 2009, *a full year after the contingent payment was due*, a three-arbitrator panel of the American Arbitration Association ("AAA") unanimously found that EOIR breached the Agreement and awarded Technest $23,778,402.83 (the combined principal and pre-award accrued interest) plus interest from the date of the decision until paid in full (the "Award").

In accordance with the above quoted paragraph 6(f) of the SPA, Technest filed a Petition and Motion to Confirm Arbitration Award and for Entry of Judgment Thereon ("Motion to Confirm Award") on August 24, 2009 which seeks to have the Award confirmed by this Court pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA"), and applicable law.  There is no contention that the Motion to Confirm Award is either procedurally or substantively unwarranted.  Respondent filed its Motion to Stay on September 4, 2009 and apparently filed a Petition to Vacate Arbitration Award ("Petition to Vacate") with the U.S. District Court for the District of Columbia on September 8, 2009.[2]

---

[2] It appears from the exhibits attached to Respondent's Motion to Stay that Respondent originally filed a "Petition *and Motion* to Vacate Arbitration Award" with the U.S. District Court for the District of Columbia.  Respondent then filed corrected exhibits with this Court on September 8, 2009 bearing the new title of "Petition to Vacate Arbitration Award."  Technest has not been served with either of these pleadings.

## ARGUMENT

The Federal Arbitration Act ("FAA"), which governs the confirmation of arbitration awards, does not require a court to stay proceedings on a motion to confirm an arbitration award pending a motion to vacate the award.  Granting a stay would significantly prejudice Technest's ability to collect and enjoy the Award, whereas denying a stay would not prejudice Respondent at all -- Respondent could still litigate its Motion to Vacate.

In the event this Court stays the proceedings, Respondent should be required to post a bond for the amount of the Award pending resolution of its Motion to Vacate, just as a bond would be required from a party appealing a trial court's judgment.  Also, any stay should be limited in duration.

## A.      Respondent's Request for a Stay is Legally Unsupported

The FAA governs confirmation and vacation of arbitration awards in federal courts. The FAA provides, in pertinent part, as follows regarding confirmation of arbitration awards:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.   Section 12 of the FAA governs notice of motions to vacate.  That section states:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered....For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court *may* make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12 (emphasis added).

Nothing in these sections, or any provisions of the FAA, requires a Court to stay proceedings to confirm an arbitration award until motions for vacation, modification, or correction may be filed or pending motions resolved. The fundamental question is whether a stay should be granted under the circumstances at issue. Respondent does not cite any case law justifying its request and there is none. In fact, the courts in the only two cases Respondent cites ***denied*** the motions to stay before them. *See Kanuth v. Prescott, Ball & Turben*, No. 88-1416, 1990 U.S. Dist. LEXIS 7406, at *11 (D.D.C. June 18, 1990) (denying motion to continue proceedings); *Marsillo v. Geniton*, No. 03 Civ. 2117 (TPG), 2004 U.S. Dist. LEXIS 9965, at *19 (S.D.N.Y. May 28, 2004) (denying motion to stay). Neither of those cases informs the situation at hand as the motions to confirm, stay, and vacate were all before a single court which was then able to dispatch with all three motions at once.

In contrast, Technest's Motion to Confirm Award and Respondent's Petition to Vacate are in separate courts. At least one court has dealt with this very same situation. Confronted with the same procedural facts, that court granted a motion to confirm an arbitration award even through a motion to vacate the same award was pending in another jurisdiction. *Greenwich Ins. Co. v. Goff Group, Inc.*, 159 Fed. Appx. 409, 411 (3d Cir. 2005).[3] Notably, the District Court's ruling was affirmed on appeal. *Id.* (holding it was

---

[3] For the convenience of the Court, a copy of the opinion is attached hereto.

not an abuse of discretion to grant motion to confirm before resolution of motion to vacate filed in another jurisdiction). The same result is warranted here.

Significantly, denying the Motion to Stay will not curtail or hinder in any way Respondent's opportunity to litigate its Petition to Vacate in the U.S. District Court for the District of Columbia. Nor will denying the Motion to Stay require the courts to engage in overlapping proceedings or result in any other untoward consequences. Accordingly, the Motion to Stay should be denied.

**B.      Procedural Irregularities Weigh Against Granting Stay**

Not only did Respondent fail to provide any legal basis for its Motion to Stay, it also failed to follow this Court's Local Civil Rules. First, Respondent failed to comply with Local Civil Rule 7(E) which requires moving counsel to "meet and confer...with his or her opposing counsel in a good-faith effort to narrow the area of disagreement." LCvR 7(E). There is no justification for the failure to do so.

Second, Respondent noticed the hearing on its Motion to Stay for a date one full week before Technest's opposition brief is due per Local Civil Rule 7(F)(1). *See* LCvR 7(F)(1) (non-moving party has 11 days to file opposition); *see also* Fed. R. Civ. P. 5(b)(2) and 6(d) (allowing extra 3 days in computation of time where service is by e-filing). This (presumed) oversight caused counsel for Technest to have to digest and respond to over 500 pages of pleadings in one holiday-shortened week.

Third, as detailed in footnote 2 above, Respondent allegedly filed a Petition and Motion to Vacate Arbitration Award as an exhibit to its Motion to Stay on Friday, September 4, 2009, and then substituted that exhibit with a Petition to Vacate Arbitration

Award on September 8, 2009 without any explanation of the differences between the documents or the reasons for the different filings. This required Technest to analyze the voluminous substituted documents against the equally voluminous originally filed documents in a very short period of time. Taken together, these several errors have hampered Technest's ability to oppose the Motion to Stay.

The Petition to Vacate is not without its own irregularities. For example, to date, Technest has not been served with a service copy of Respondent's Petition to Vacate. This suggests that Respondent has chosen to file the petition but not serve it, in an attempt to further delay confirmation of Technest's Award. The time for indefinite delays has passed. It may be convenient for EOIR to further delay its obligation to pay, but the burden and risks of that delay should not be borne by Technest.

**C.     If Stay Is Granted, Procedural Safeguards Should Be Tailored To Protect Technest's Interests**

In order to protect Technest's rights and preserve the integrity of the arbitration panel's Award, this Court should recognize that Respondent's Petition to Vacate is analogous to an appeal from a trial court's judgment and that Respondent's Motion to Stay is equivalent to a motion to stay execution of a judgment. As such, this Court should tailor any stay of proceedings it grants in this matter by (1) requiring Respondent to post a bond for the amount of the Award, and (2) limiting the duration of such a stay.

Supersedeas bonds are generally required in the litigation context to stay execution of judgment under Fed. R. Civ. P. 62. *See, e.g., Nigh v. Koons Buick Pontiac GMC, Inc.,* No. CIVA 00-1634 A, 2001 WL 35963876 (E.D. Va. Sept. 27, 2001) (approving supersedeas bond and staying execution of judgment pending appeal). This is analogous to the arbitration context here, where Technest has won the Award but Respondent seeks to essentially appeal the Award and stay execution of the Award while

it appeals. An "underlying purpose" of a supersedeas bond in the litigation context is to protect the non-appealing party's rights pending appeal. *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F.Supp.2d 935, 939 (E.D. Va. 2000). There exists a parallel need to protect the non-moving party's rights pending "appeal" in the arbitration context.

Requiring Respondent to post a bond in this matter is especially critical to protect Technest's rights because Respondent's ability to pay the Award may be greatly diminished on December 31, 2009. In the course of discovery and at the arbitration hearing, Respondent's witnesses testified that the bulk of the financing Respondent had secured to pay the contingent purchase price (which is the principal amount of the Award) was a credit facility from the Royal Bank of Canada ("RBC"). *See* Arbitration Hearing at 1034:18-1035:2 (attached hereto as Exhibit 1); Deposition of Mark Mykityshyn at 87:22-88:6 (attached hereto as Exhibit 2). The RBC credit facility documents show, however, that additional funds are only available to Respondent until December 31, 2009. *See* Commitment Letter at EOIR0041171 (attached hereto as Exhibit 3). If a stay is granted without a bond requirement, it is likely that the terms of that credit facility will expire before the Award can be confirmed and enforced, possibly jeopardizing Claimant's ability to collect the Award.

Moreover, the indefinite stay that Respondent seeks will only incentivize Respondent to delay proceedings as long as possible. If granted, any stay should be of exceedingly short duration to incentivize Respondent to act expeditiously.

## CONCLUSION

For all the reasons stated above, Technest respectfully requests that this Court deny Respondent's Motion to Stay Proceedings Pending Resolution of Respondent's Petition and Motion to Vacate Arbitration Award, or in the alternative, require Respondent to post a bond for the amount of the arbitration Award and limit the duration of any stay of the proceedings.

Respectfully submitted,

_____/s/_____
Kimberly C. Graber (Virginia Bar #71028)
graberk@howrey.com

Carmine R. Zarlenga (admitted *pro hace vice*)
Nabina J. Sinha (admitted *pro hac vice*)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2402
(202) 783-0800
(202) 383-6610 (fax)

*Attorneys for Petitioner Technest Holdings, Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |
|---|---|
| *In the Matter of the Arbitration between:* | ) |
|  | ) |
| TECHNEST HOLDINGS, INC., | ) |
|  | ) |
| Petitioner, | ) |
|  | )   1:09-mc-00037-AJT-TCB |
| and | ) |
|  | ) |
| EOIR HOLDINGS LLC, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of September 2009, I will electronically file the foregoing Petitioner Technest Holdings, Inc.'s Opposition to Respondent's Motion to Stay Proceeding Pending Resolution of Respondent's Motion to Vacate Arbitration Award in the above-captioned matter with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to Gary H. Nunes, Esq. and Keith J. Mendelson, Esq., Womble Carlyle Sandridge & Rice, PLLC, 8065 Leesburg Pike, Fourth Floor, Tysons Corner, VA 22182, counsel for Respondent.

_____/s/_____
Kimberly C. Graber (Virginia Bar #71028)
graberk@howrey.com

Carmine R. Zarlenga (admitted *pro hace vice*)
Nabina J. Sinha (admitted *pro hac vice*)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2402
(202) 783-0800
(202) 383-6610 (fax)

*Attorneys for Petitioner Technest Holdings, Inc.*